**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 21-12882-LSS |
| **BYRON DESEAN SCOTT,** ) | Chapter 7 |
| ) | |
| Debtor. ) | |

**FIRST AND FINAL APPLICATION FOR APPROVAL OF
COMPENSATION AND EXPENSES OF MCNAMEE HOSEA, P.A.
FOR JULY 30, 2021 THROUGH JANUARY 31, 2025**

TO THE HONORABLE LORI S. SIMPSON, BANKRUPTCY JUDGE:

COMES NOW McNamee Hosea, P.A. ("MH"), counsel for Janet M. Nesse, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Byron Desean Scott ("Debtor") and submits its First and Final Application for Approval of Compensation and Expenses of McNamee Hosea, P.A., for July 30, 2021 through January 31, 2025 ("Application"), as follows:

### I. NARRATIVE HISTORY AND BACKGROUND

1. The Debtor initiated this case on April 29, 2021, by filing a petition for relief under Chapter 7 of the United States Bankruptcy Code.

2. Janet Nesse is the duly appointed Chapter 7 Trustee for the bankruptcy estate.

3. On July 30, 2021, the Trustee filed her Application to Employ Janet Nesse and the Law Firm McNamee Hosea as Counsel for the Trustee ("Application to Employ"). On August 17, 2021, the Court entered an order granting the Trustee's Application to Employ.

4. On August 2, 2021, the Trustee filed a Motion for Rule 2004 Examination of Debtor concerning the real property located at 8959 Armor Ct., White Plains, MD 20695 (the "Armor Ct. Property"), a $125,000.00 deposit and transfer to and from the Debtor's savings

account, the Debtor's divorce, and any other matters concerning the Debtor's assets, income, and bankruptcy filings as may arise. Docket No. 26.

5. On August 2, 2021, the Trustee filed a an Objection to Debtor's Claim of Exemptions. Docket No. 28.

6. On August 20, 2021, the Court entered an order granting the Trustee's Motion for Rule 2004 Examination of Debtor. Docket No. 34.

7. On September 3, 2021, the Court entered an order sustaining the Trustee's Objection to Debtor's Claim of Exemptions. Docket No. 36.

8. On September 9, 2021, counsel for the Trustee conducted the Rule 2004 Examination of the Debtor.

9. On September 30, 2021, the Trustee filed a Motion for Rule 2004 Examination of Traci Joy Leaphart ("Ms. Leaphart") concerning the Debtor's living arrangements at the real property located at 2607 3rd St. NE, Washington, D.C. 20002, transfers the made by, or for the behalf of the Debtor, and other matters concerning the Debtor's assets, income, and bankruptcy filings. Docket No. 38.

10. On October 20, 2021, the Court entered an order granting the Trustee's Motion for Rule 2004 Examination of Ms. Leaphart. Docket No. 39.

11. On November 30, 2021, counsel for the Trustee conducted the Rule 2004 Examination of Ms. Leaphart.

12. On February 24, 2022, the Trustee filed an Complaint, initiating Adversary Proceeding No. 22-00037, against Ms. Leaphart to Avoid fraudulent transfers and other related relief.

13. On April 5, 2022, the Trustee filed a Motion for Turnover of Property of the

Estate to, among other things, require the Debtor turn over the remaining amount of his funds that were given to Ms. Leaphart and were transferred to him or deposited into his bank account(s) and all other funds beyond those disclosed in the schedules. Docket No. 59.

14. On April 5, 2022, the Trustee filed a Motion for Rule 2004 Examination directing Navy Federal Credit Union ("Navy Federal") to produce certain document that Navy Federal possesses, or has custody or control over regarding the bank accounts belonging to the Debtor and any and all accounts the Debtor may have control of. Docket No. 60.

15. On April 8, 2022, the Trustee filed a Complaint, initiating Adversary Proceeding No. 22-00073, against Malita I. Mayers ("Ms. Mayers") to sell the Armor Ct. Property Free and Clear of Any and All Liens and Interests of Co-Owner Pursuant to 11 U.S.C. § 363(h).

16. On April 26, 2022, the Court entered an order granting the Trustee's Motion for Turnover of Property of the Estate. Docket No. 62.

17. On April 26, 2022, the Court entered an order granting Trustee's Motion for Rule 2004 Examination of Navy Federal. Docket No. 63.

18. On February 24, 2023, the Trustee filed an Application to Compromise Controversy, related to Adversary Proceeding No. 22-00037, with Ms. Leaphart for payment to the estate of $10,000.00. Adversary Docket No. 17.

19. On March 31, 2023, the Court entered an order granting the Trustee's Application to Compromise Controversy with Ms. Leaphart, related to Adversary Proceeding No. 22-00037. Adversary Docket No. 18.

20. On July 5, 2023, after extensive litigation, the Trustee filed an Application to Compromise Controversy, related to Adversary Proceeding No. 22-00073, with Ms. Mayers for payment to the estate of $20,000.00. Adversary Docket No. 93.

21. On August 2, 2023, the Court entered an order granting the Trustee's Application to Compromise Controversy with Ms. Mayers, related to Adversary Proceeding No. 22-00073. Adversary Docket No. 94.

22. On September 21 ,2023, Loan Care, a secured creditor filed a Motion for Relief from Stay ("Motion for Relief") related to the real property located at 4412 Douglas Street, NE, Washington, DC 20019. Docket No. 74.

23. On September 21 ,2023, the Trustee filed Opposition to the Motion for Relief. Docket No. 75.

24. On October 24, 2023, the Court entered a Consent Order Terminating the Automatic Stay. Docket No. 79.

## II.  HIGHLIGHTS OF SERVICES RENDERED

**A.  Asset Analysis and Recovery:** The Trustee filed motions for Rule 2004 examinations, objections to exemptions, and initiated adversary proceedings related to fraudulent transfers and asset recovery. The Trustee also filed motions for turnover of estate property and examination of financial institutions. Several settlements were reached, including with Ms. Leaphart and Ms. Mayers, for payments to the estate. As a result of service performed, the Trustee recovered $30,000.00 for the benefit of the estate through settlements in two adversary proceedings.

**B.  Asset Disposition:** No assets were disposed of during this Application Period.

**C.  Business Operations:** MH was not involved in any business operations in this Chapter 7 case.

**D.  Case Administration:** MH was not involved in case administration in this Chapter 7 case.

E.  **Claims Administration and Objections:** MH was not involved in claims administration and objections in this case.

F.  **Employee Benefits/Pensions:** N.A.

G.  **Fee/Employment Applications and Objections:** During this Application period MH prepared this fee application and an employment application.

H.  **Financing:** MH provided no service to the Trustee with respect to financing during the period covered in this Application.

I.  **Litigation:** See A.

J.  **Objection to Exemptions:** See A.

K.  **Meetings of Creditors:** A meeting of creditors was conducted by the Trustee on June 8, 2021. MH did not bill for this time.

L.  **Plan and Disclosure Statement:** MH provided no services with respect to a Plan or Disclosure Statement as this is a Chapter 7 case.

M.  **Relief from Stay Proceedings:** See A.

### III.   PRIOR APPLICATIONS FOR COMPENSATION

This is the first and final application for approval of compensation filed by MH.

### IV.   INFORMATION REQUIRED BY RULE 2016

As required by Federal Rule of Bankruptcy Procedure 2016, MH discloses that it has not received a retainer. No other compensation was promised except for compensation on an hourly basis for services performed as set forth herein. No compensation received has been shared. There is no understanding between MH and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with this case.

### V.   VALUE OF SERVICES

  **A.** **Computation of Value:** The services rendered by MH were important, necessary, valuable, constructive, positive and reasonable, and were all rendered with the objective of assisting the Trustee in bringing assets into this estate. MH submits that the expenses incurred in the representation of the Trustee were reasonable, necessary and appropriate.

  The fees charged and expenses advanced by MH during this Application period, using the lodestar method of fee computation, are, as reduced by approximately 85%:

| Fees | Expenses |
|---|---|
| $10,000.00[1] | $3,059.52 |

  A summary of the time spent by MH in representation of the Trustee is attached hereto as Exhibit A. Copies of the records of the time entries made by all of the professionals rendering service to the Trustee, along with a listing of expenses incurred, are attached hereto as Exhibit B.

  **B.** **Identification of Professionals Rendering Service**: Services were primarily rendered by Janet M. Nesse (at $525/hour), Justin P. Fasano ($400.00/hour) and Thuc-Doan Phan ($325.00/hour).

  **C.** **Billing Discretion:** It has been the normal practice of MH in the representation of the Trustee, as in all cases, to bill certain types of matters with discretion. Certain services do not justify billing at all, and some only at an amount reduced from the actual time spent. Although the billing records will not reflect the amounts reduced or not billed by this Application, MH is attempting to provide the Court with a narrative description of such items.

  For example, it is rare for MH to bill the Trustee for time spent reading incoming correspondence. The time spent reviewing incoming material that does appear in the billing detail relates only to extraordinary pleadings, correspondence or other documents requiring

---

[1] Fees and expenses for MH's services totaled $68,205.52 ($65,146.00 total fees and $3,059.52 of expenses). As the recovery for the estate totaled $30,000.00, MH has written down its total bill to $13,059.52.

immediate reply or other action. MH is not billing, in general, for review of documents issued by the Court, and has billed all conversations with employees as Trustee time, not as compensable legal time.

## VII. EVALUATION STANDARDS

MH submits that it is entitled to be paid the full amount of the fees and expenses sought herein, based upon the factors established in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's Inc*., 577 F.2d 216 (4th Cir. 1986). *See In re Information Network, Inc*., 465 B.R. 67 (Bankr. D. Md. 2011). MH is also entitled to the fees sought herein, based upon the Guidelines established by Appendix D to the Local Rules of this Court, as addressed in detail below:

a. <u>Skill Required to Perform the Services Properly</u>: MH submits that the skill and competence level required of Chapter 7 Trustee's counsel is, at a minimum, the ordinary skill and competence required of experienced bankruptcy attorneys.

b. <u>Preclusion of Other Employment:</u> MH was not denied the opportunity to accept representations of other clients as a result of the rendition of service to the Trustee herein.

c. <u>Novelty and Difficulty of Questions:</u> MH was not confronted with novel or difficult questions in the course of its representation of the Trustee in this matter.

d. <u>Time and Labor Required:</u> The time and labor required of MH in connection with its representation of the Trustee is set forth in the time records attached hereto as Exhibit B. The amount of compensation sought through this Application is the lodestar amount, derived from the hours actually billed on this matter, as reflected in Exhibit B.[2]

---

[2] Fees and expenses for MH's services totaled $68,205.52 ($65,146.00 total fees and $3,059.52 of expenses). As the recovery for the estate totaled $30,000.00, MH has written down its total bill to $12,000.00.

7

  e. <u>The Customary Fee:</u> The hourly rate charged by Janet M. Nesse in 2021 was $500.00 and increased to $525.00 in 2023 which is her standard hourly rate. The hourly rate charged by Justin P. Fasano in 2021 was $325.00 and increased to $400.00 in 2023 which is his standard hourly rate. The hourly rate charged by D. Phan was on all occasions $325.00, which is his standard hourly rate. MH's other professionals charge their customary rates, which are the market rate for attorneys of comparable experience and expertise. No variance from practice of billing time at an hourly rate -- e.g., through "value billing" -- was ever undertaken or permitted by MH.

  f. <u>Fixed or Contingent:</u> The fees charged by MH were determined at an hourly rate, based on time actually expended working on matters for the Trustee. The matter was not undertaken on any arrangement, promise or expectation other than the anticipation of payment for services rendered on an hourly basis, to the extent allowed by this Court.

  g. <u>Experience, Reputation and Ability of the Attorneys:</u> MH attorneys have extensive experience dealing with bankruptcy trustee, Chapter 7, and bankruptcy litigation matters before this Court (and others). MH submits that the attorneys who worked on this case are generally well-regarded among their peers, and enjoy favorable reputations.

  h. <u>Awards in Similar Cases:</u> The compensation requested herein is significantly less than fee awards granted to other attorneys who have acted as counsel to trustees in cases bearing similarity to this case.

  i. <u>Time Limitations:</u> MH was not burdened by any unusual time limitations, other than normal bankruptcy deadlines.

  j. <u>Results Obtained:</u> MH submits that its rendition of services to the Trustee have precipitated good and economic results for the estate and the creditors. MH seeks no increment

above the lodestar amount of its fees on account of the results it achieved during the period covered by this Application.

## VIII.   ABILITY TO PAY

It appears that the estate has sufficient funds with which to pay the fees and expenses sought herein.

## IX.   FURTHER APPLICATION

MH does not anticipate filing any further applications for compensation in this case and is not seeking reimbursement for fees incurred in preparing this Application.

## X.   REIMBURSEMENT OF EXPENSES

MH incurred expenses related to depositions, transcript services, photocopying and postage in the amount of $3,059.52, and is seeking reimbursement for these expenses. Expense reimbursement is sought herein in the amount of $3,059.52.

## XI.   PRIOR, INTERIM AWARD

There have been no prior applications or awards in this case submitted by MH.

WHEREFORE, the Trustee requests that this Court enter an order:

1. Approving the compensation and expenses sought herein; and

2. Granting such other and further relief as is just and proper.

Date: February 19, 2025                                Respectfully submitted,

/s/ Janet M. Nesse
Janet M. Nesse (#07804)
McNamee, Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
(301) 441-2420
jnesse@mhlawyers.com
*Counsel for the Chapter 7 Trustee*

9

**CERTIFICATE OF SERVICE**

       I hereby certify that on February 19, 2025, I served a copy of the foregoing First and Final Application for Approval of Compensation of McNamee Hosea, P.A. for July 30, 2021 through January 31, 2025, and Notice of Opportunity to Object, via ECF to the parties listed below.

- Gregory Christopher Mullen bankruptcy@bww-law.com gregory.c.mullen@gmail.com
- Keith R. Havens Keith.R.Havens@HavensLawFirm.com Madeline.Reed@HavensLawFirm.com
- Leah Christina Freedman bankruptcy@bww-law.com leah.freedman@bww-law.com
- Lynn A. Kohen lynn.a.kohen@usdoj.gov
- Maurice Belmont VerStandig mac@mbvesq.com lisa@mbvesq.com, mahlon@dcbankruptcy.com, mac@dcbankruptcy.com, verstandig.mauricer104982@notify.bestcase.com
- Robert Grossbart robert@grossbartlaw.com debra@grossbartlaw.com
- US Trustee - Greenbelt USTPRegion04.GB.ECF@USDOJ.GOV

       I hereby certify that on February 19, 2025, I served a copy of the foregoing First and Final Application for Approval of Compensation of McNamee Hosea, P.A. for July 30, 2021 through January 31, 2025, and Notice of Opportunity to Object, via first class mail, postage prepaid upon:

Office of the U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

Byron Desean Scott
8959 Armor Ct.
White Plains, MD 20695

                                               /s/ Janet M. Nesse
                                               Janet M. Nesse